**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | Case No. _____ |
| **Plaintiff,** | |
| vs. | |
| **JOSE CABRERA, INC. D/B/A RANCHO EL MOLCAJETE and JOSE A. CABRERA,** | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

## DESIGNATION:  PROPERTY RIGHTS

## JURISDICTION

1. Plaintiff seeks relief for the Defendants' violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Georgia.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of Georgia, Atlanta Division, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.     The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA 95008.

6.     Defendant Jose Cabrera, Inc. is a Georgia corporation with its principal place of business located at 499 Veterans Memorial Highway, S.W., Mableton, GA 30126-3339 and does business as Rancho El Molcajete operating at 499 Veterans Memorial Highway, S.W., Mableton, GA 30126-3339.  Defendant Jose Cabrera, Inc. is subject to the venue and jurisdiction of this court.

7.     Upon information and belief, Defendant Jose A. Cabrera is the controlling manager and/or owner of the commercial establishment doing business as Rancho El Molcajete operating at 499 Veterans Memorial Highway, S.W., Mableton, GA 30126-3339.  Defendant Cabrera is subject to the venue and jurisdiction of this Court.

## COUNT I
**(Violation of Title 47 U.S.C. Section 605)**

8. Plaintiff had the exclusive nationwide television distribution rights to the *Timothy Bradley v. Juan Manuel Marquez – WBO Welterweight Championship Fight Program* which took place on October 12, 2013 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

9. Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Georgia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

10. As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11. Defendants Jose Cabrera, Inc. and Jose A. Cabrera did not contract with the Plaintiff or pay the necessary sublicense fee required to obtain the Program for their commercial establishment. Therefore, they did not have any authorization to show the Program.

12. Defendants Jose Cabrera, Inc. and Jose A. Cabrera unlawfully showed the Program at Rancho El Molcajete on the night of October 12, 2013 with full knowledge that the Program was not to be intercepted, received and exhibited by them because they did not have authorization.

13. Defendant Jose A. Cabrera, as a controlling manager and/or owner of Rancho El Molcajete, had the right and ability to supervise the display of the Program at Rancho El Molcajete.

14. The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since Defendants Jose Cabrera, Inc. and Jose A. Cabrera used a deliberate act to receive the Event which was unauthorized and it was done for purposes of commercial advantage and private financial gain.

15. Defendant Jose A. Cabrera, as controlling manager and/or owner of Rancho El Molcajete, had a strong financial interest in intercepting and exhibiting Plaintiff's Program on October 12, 2013.

16. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto) and prohibits individuals from assisting in the unauthorized publication or use of such communications.

17. By reason of the aforesaid mentioned conduct, Defendants Jose Cabrera, Inc. and Jose A. Cabrera violated Title 47 U.S.C. Section 605, *et seq.* since they were not authorized to show the Program at Rancho El Molcajete.

18. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff has a private right of action.

19. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605 Plaintiff is entitled to the following from Defendants:

(a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b) Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c) Recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

20. Title 47 U.S.C. Section 553 *et seq.* prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.

21. As previously stated, Plaintiff J & J Sports Productions, Inc. was granted the exclusive nationwide television distribution rights to the Program which took place on October 12, 2013. The Program was only allowed to be exhibited in

those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

22. Defendants Jose Cabrera, Inc. and Jose A. Cabrera run, manage and exercise control over Rancho El Molcajete.

23. Plaintiff has no record of Defendant Jose Cabrera, Inc. and/or Jose A. Cabrera ever entering into a sublicensing agreement with Plaintiff J & J Sports Productions, Inc. or paying the required fee for the Program to be shown at Rancho El Molcajete on October 12, 2013.

24. Defendants Jose Cabrera, Inc. and Jose A. Cabrera used unlawful means to receive the cable signal required to exhibit the Program.

25. Defendant Jose A. Cabrera had the right and ability to supervise the infringement of Plaintiff's Program at Rancho El Molcajete.

26. Defendant Jose A. Cabrera also had a strong financial interest in the interception and exhibition of the Program at Rancho El Molcajete.

27. Because Defendants were not given authorization to show the Program at Rancho El Molcajete on October 12, 2013, the aforementioned defendants violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff has a private right of action.

29. As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff is entitled to the following from defendant:

    (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

    (b) Statutory damages for each willful violation in an amount up to $50,000.00 pursuant Title 47 U.S.C. 553(c)(3)(B), and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

    (d) in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $10,000.00 against Defendants, and;

2. Enhanced damages up to $100,000.00 against Defendants, and;

3. For reasonable attorneys' fees pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $10,000.00 against Defendants, and;

2. Enhanced damages up to $50,000.00 against Defendants and;

3. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

This the 13th day of October, 2016.

                Respectfully submitted,

                **RAGSDALE, BEALS, SEIGLER, PATTERSON & GRAY, LLP**

                By: s/ Ronald D. Reemsnyder
                Ronald D. Reemsnyder, Esquire
                Georgia Bar No. 597950
                135 Prominence Court, Suite 160
                Dawsonville, GA 30534
                Ph:  (706) 216-1272
                Fax:(706) 216-1278
                Email: rreemsnyder@rbspg.com

                Attorney for Plaintiff
                J & J Sports Productions, Inc.